```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-22269-CIV-LENARD
                         MAGISTRATE P. A. WHITE
```

ANGEL MARIO MELENDEZ,           :

    Plaintiff,               :

v.                              :          REPORT OF
                                               MAGISTRATE JUDGE
STATE OF FLORIDA et al.,
                                :

    Defendants.              :
_____

## I. Introduction

The pro-se plaintiff, Angel Mario Melendez, filed a civil rights complaint pursuant to 42 U.S.C. §1983.(De#1) The plaintiff alleges that he was falsely arrested by Miami Beach Officer Schultz in Case no. F09-21000. The plaintiff seeks injunctive relief and a dismissal of the charges against him. The plaintiff is proceeding in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

```
              *   *   *

      (e)(2) Notwithstanding any filing fee, or
   any portion thereof, that may have been paid,
   the court shall dismiss the case at any time
   if the court determines that –

              *   *   *

      (B) the action or appeal –

              *   *   *

      (i)  is frivolous or malicious;

      (ii) fails to state a claim on which
      relief may be granted; or

      (iii) seeks monetary relief from a
      defendant who is immune from such
      relief.
```

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

2

Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

3

no misconduct occurred.[1]

### B. Factual Allegations

The plaintiff names as defendants the State of Florida and Miami Beach Police Officer Schultz.[2]

The plaintiff alleges that he was falsely accused of disorderly conduct with a woman and her child, and trespassing at a newspaper stand. He claims the trespassing and verbal disturbance charges were fabricated, and he was arrested without probable cause.[3]

### C. Analysis of Sufficiency of Complaint

Melendez seeks a fair trial, time with an attorney, copies of depositions to review before trial and an end to his case. Because Melendez's challenges to his alleged unconstitutional detention is essentially a challenge to his pending state charges, they are not cognizable claims in a civil rights case. A petition for writ of habeas corpus, once a conviction is final, and all avenues of state relief have been exhausted, is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriguez, 411 U.S. 475, 488–

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

[2] In the body of the complaint the plaintiff also names Officer Lauren P.

[3] The plaintiff gives no supporting facts as to his claim of lack of probable cause to arrest, and therefore this allegation is completely insufficient to state a claim. Twombly.

4

490 (1973).

If a prisoner brings such claims in a civil rights action, the complaint must be dismissed, unless and until, the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994). <u>Heck</u> applies both to actions for monetary damages and for injunctive relief. <u>Wilkinson v Dotson</u> 125 S.Ct 1242 (2005). Because the plaintiff's confinement has not been remedied by any of the procedures listed in <u>Heck</u>, his claims are not cognizable under §1983.

Furthermore, as the plaintiff's case appears to be ongoing, this Court does not interfere with ongoing state court proceedings. <u>See Younger v. Harris</u>, 401 U.S. 37 (1971). The plaintiff must address any issues relating to his state case to his attorney.

### III.   <u>Conclusion</u>

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and barred by <u>Heck</u>, <u>supra</u>.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 28th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Angel Mario Melendez, Pro Se
    090053913
    Metro West Detention Center
    13850 NW 41st
    Miami, FL 33178
    Address of Record